JONES *et al. v.* LOUISVILLE & NASHVILLE R. R.

(*Nashville*, December Term, 1950.)

Opinion filed July 27, 1951.

JOSEPH L. LACKEY and ROBERT H. POLK, both of Nashville, for appellants.

WALKER & HOOKER, of Nashville, for appellees.

MR. JUSTICE PREWITT delivered the opinion of the Court.

These are personal injury suits. The truck in which plaintiffs were riding was struck by one of the engines of the defendant at a public but unmarked crossing just outside the city limits of Nashville. At this point, the tracks of defendant railroad crossed Rosebank Avenue, a public road. Generally Rosebank Avenue runs east and west and the railroad runs north and south.

At the conclusion of plaintiffs' evidence, the trial judge sustained a motion of defendant to direct a verdict on each count of each declaration and plaintiffs' suits were dismissed. The Court of Appeals reversed.

The collision occurred at a grade crossing just outside the city limits of Nashville, on September 29, 1946, about 4:30 in the afternoon. It was a cloudy day. The plaintiffs were riding in a truck—three of them riding in the cab seat and two of them in the bed behind the cab. Those riding in the bed could not see because it was a panel truck. The three on the front seat could see. The track at the crossing is in a cut. The northeast bank of the cut is about five feet from the east rail of the northbound main track. Brush and timber were growing or piled on this northeast bank at the time of the accident, which obstructed the vision of a motorist traveling west on Rosebank Avenue of trains approaching the crossing from the north.

This grade crossing is near the point of a sharp curve in the railroad tracks. To the north, Greenwood Street viaduct is 461 feet distant and the railroad tracks are down street to Greenwood Street viaduct to the crossing in question.

The truck approached this crossing from the east. When the truck was about five feet east of the east rail of the northbound main track, the driver stopped the

truck, looked to the north and to the south and saw no train approaching. The truck was placed in low gear and went upon the northbound main track and had travelled about fifteen feet when it was struck by defendant's train traveling toward the south. Plaintiffs estimated that the train was traveling forty miles an hour. Other facts justified inference that it was running much faster. The company had erected a flasher light system at this crossing which warned motorists of the approach of its trains. This lighting system was not working at the time of the collision. The defendant gave no warning of the approach of its train at this crossing. When the train was a few feet from the crossing, the driver of the truck saw it and cut his truck to the right to avoid a collision with the train. The left front of the engine and the left front of the truck collided and the plaintiffs were injured. This was a dangerous crossing and is located in a thickly populated section.

The second count of the declaration charged that the railroad company violated Section 2628, paragraph (2) of the Code, which makes it the duty of the railroad to sound the whistle or bell upon approaching the crossing. The crossing in question, not being "designated" as required by law, was not a lawful crossing and the company could not be held liable under this act. *Graves* v. *Illinois Cent. Railroad Co.*, 126 Tenn. 148, 148 S. W. 239; *Southern Railway Co.* v. *Noah,* 180 Tenn. 532, 176 S. W. (2d) 826.

The third count of the declaration charged a violation of Code Section 2628, paragraph (4). This section requires the railroad company to keep a lookout ahead and when an object appears upon the tracks, to put the brakes down, etc.

■ The evidence shows without conflict that plaintiffs' truck appeared as an obstruction upon defendant's track, or within striking distance of its train so suddenly that the railroad had no opportunity to comply with the provisions of this Code section and under such circumstances the trial judge was correct in directing a verdict on the third count. *Gaines* v. *Tennessee Central Ry. Co.,* 175 Tenn. 389, 135 S. W. (2d) 441; *Chesapeake & N. Ry.* v. *Crews,* 118 Tenn. 52, 99 S. W. 368.

This leaves the action of the trial judge in directing a verdict on the first, or common law, count of the declaration to be considered.

The defendant contends that Code Section 2628, paragraphs (1) and (2) sets out the entire duty of the railroad to give warning of the approach of its trains to grade crossings, and where it is not a lawful crossing, the defendant owed no duty, statutory or common law, to give warning of the approach of its trains to any grade crossing, dangerous or otherwise. There is no proof that this crossing was so ''designated''.

The defendant relies upon the case of *Southern Railway Co.* v. *Noah,* supra, and *Graves* v. *Illinois Cent. Railroad Co.,* supra. The plaintiffs insist that the railway owes a common law duty to warn of the approach of its trains to grade crossings in addition to the statutory duties set out in Code Section 2628 paragraphs (1) and (2).

In *Yazoo & M. V. Railway Co.* v. *Williams,* 182 Tenn. 241, 185 S. W. (2d) 527, 528, while holding that the statute was not applicable on account of the fact that the railroad train was in a switching operation at the time, the Court said: ''After an examination of all the authorities cited, we think the true rule deducible therefrom is

that, if the place is dangerous, then the company is onerated with the duty of warning travelers on the highway of the approach of its trains, but whether the place, as a matter of fact, is dangerous, is a question for the determination of the jury.''

The following is the language of the first count of the plaintiffs' declaration: ''Plaintiff alleges and avers that the agents, employees and servants of said defendant were operating said train in a careless, negligent and reckless manner at and just prior to said accident, that is to say, that prior to plaintiff's entering or driving upon said track and while the said freight train was approaching said crossing, the said agents, employees and servants of the said defendant were operating said train at an excessive and dangerous rate of speed, coasting down grade and almost noiselessly, and they did not blow the whistle, ring the bell, nor give any warning of any kind of the train's approach, nor was there a watchman at the crossing, nor any sign or signal of any nature to warn the plaintiff of the approaching train.''

In *Southern Railway Co.* v. *Penley,* 175 Tenn. 380, 134 S. W. (2d) 177, 178, the Court said: ''The negligence with which the Railway Company was charged in Grogan's declaration was that no warning was given of the approach of this train to the crossing, that no proper effort was made to stop the train after it became obvious that a collision was imminent and, construing the declaration fairly, that the train was being operated at an excessive rate of speed.''

In that case, it was held further:

''There is evidence, however, offered by plaintiffs below that not only did the automatic signal bell fail to ring but that neither the bell nor the whistle on the

engine rang and gave warning of the approach of this train to the crossing.

. . . . . .

. . . "We therefore find evidence in the case to sustain the charge of negligence against the Railway Company in the particular noted and the question in the case is whether Penley, the taxicab driver, and Grogan, his passenger, were guilty of contributory negligence in going upon this crossing without taking proper precautions to satisfy themselves that no train was approaching. It is urged in behalf of the Railway Company that the plaintiffs were guilty of such contributory negligence as to bar their recovery."

The Court held that the questions of negligence and contributory negligence were jury questions in the Penley case under the common law count.

In *Gaines* v. *Tennessee Central Ry. Co.* [175 Tenn. 389, 135 S. W. (2d) 443], supra, verdicts were directed for defendant on the statutory counts based upon Code Section 2628 paragraphs (1), (2) and (4). The Court held the evidence was sufficient to take the question to the jury on the common law count and said:

"The Court of Appeals found evidence of common law negligence on the part of the defendant in failing to warn the occupants of the approaching automobile by a bell or whistle and in failing to make an effort to stop the train after it became apparent to the engineer that the automobile was approaching the track under circumstances indicating that those therein were unaware of the approach of the train and that a collision was imminent unless something was done.

. . . . . .

"The result is that the judgment of the Court of Appeals will be modified, the judgment below reversed,

and the case remanded for a new trial upon the common law counts of the declarations with permission to the plaintiffs to amend their declarations as heretofore indicated.''

In *Stem* v. *Nashville Interurban Railway,* 142 Tenn. 494, 221 S. W. 192, 196, a verdict was directed on the statutory counts based upon Code Section 2628, paragraphs (1), (2) and (4). The Court, in holding that the questions must go to the jury on the common law count, said:

''It is alleged in the common-law count of the declaration that the defendant was operating its car over an exceedingly dangerous crossing at a high and excessive rate of speed. This allegation, supported by proof, presents a question of fact to be determined by the jury. *Railroad* v. *Milam,* supra [*Louisville & N. R. Co.* v. *Milan,* 77 Tenn. 223]; *Chattanooga Rapid Transit Company* v. *Walton,* supra [105 Tenn. 415, 58 S. W. 737]; *Railroad* v. *Porter,* 117 Tenn. 13-20, 94 S. W. 666, 10 Ann. Cas. 789; *Bruggeman* v. *Illinois Central Railroad Co.,* 147 Iowa 187, 123 N. W. 1007, Ann. Cas., 1912B, 876; 22 R. C. L. sec. 242, p. 1011.

''We, of course, do not mean to say that liability can be based upon rate of speed alone, but in connection with the allegations of a dangerous crossing, unless there is an absence of substantiating proof, which is not the case here, it does not lie within the province of the court to determine the question.''

It is insisted by the defendant that the case of *Southern Railway Co.* v. *Noah,* supra, in effect overruled the Penley case and the Gaines case and re-established without modification the rule as laid down in *Graves* v. *Illinois Central Railroad,* supra.

In *Southern Railway* v. *Noah,* 180 Tenn. at page 539, 176 S. W. (2d) at page 829, the following language is used: "It is insisted by plaintiffs that the case of *Stem* v. *Nashville Interurban Ry.,* decided by this court after the Graves case, and reported in 142 Tenn. 494, 221 S. W. 192, makes an exception to the Graves case and limits its application, and that the case before us now falls within the exception so made. We find no merit in any one of these contentions. We think the case of *Stem* v. *Nashville Interurban Ry.,* supra, is clearly distinguishable upon the facts and is in no sense an exception to *Graves* v. *Illinois Cent. R. Co.* In the former case the jury found, and this court sustained the finding, that the high and excessive speed at which the company operated the interurban car at the crossing was the proximate and immediate cause of the plaintiff's injuries. This same judgment would have been sustained even if warning signals, though not required, had been voluntarily given by the railroad, for it was the verdict of the jury that the proximate cause of the accident was not the failure to give warning, but it was the negligent and reckless operation of the street car by the company."

It seems to us that the following statement in *Stem* v. *Interurban Railway,* supra [142 Tenn. 494, 221 S. W. (2d) 195], makes clear the fact that it is in no sense limiting the application of the rule laid down in the Graves case: "It is conceded that the crossing where the accident occurred was not one designated in accordance with subsection 1, of section 1574, of the statutes, and it necessarily follows that under the decision of *Graves* v. [*Illinois Cent.*] *Railroad* [*Co.*], 126 Tenn. 148, 148 S. W. 239, no liability can be predicated upon the failure of the defendant company to comply with the requirements

of subsection 2 of the statute.'' (These sections of Shannon's Code are identical with Section 2628 et seq. of the Code of 1870.)

■■ In the case before us, the crossing was just outside the corporate limits of the City of Nashville on a thickly populated street and the view of the occupants of the truck going west was obstructed by a high bank with weeds growing thereon, and it also appears that the train, although just outside the corporate limits of the city at this frequently traveled crossing was running at a speed of forty miles an hour or more at the time the collision took place. Under such circumstances, we think the common law count states a cause of action and that the plaintiffs were entitled to go to the jury on this count.

It results that the judgment of the Court of Appeals will be affirmed and the case remanded for further proceedings consistent with this opinion.

All concur.