McCAMPBELL *v.* CENTRAL OF GEORGIA RY. CO.

*(Knoxville,* September Term, 1952.)

Opinion filed December 5, 1952.

GRAHAM & VAN DERVEER, of Chattanooga, for plaintiff-in-error.

James H. Anderson, of Chattanooga, for defendant-in-error.

Mr. Justice Tomlinson delivered the opinion of the Court.

Mrs. McCampbell commenced this action to recover damages for the death of her husband. He was killed by one of the defendant's trains in a railroad crossing accident. Mrs. McCampbell has appealed from the judgment of the Court sustaining a demurrer to the declaration containing three counts.

The second count alleges a violation of Code Section 2628 (1) and (2). Code Section 2628 (1) and (2) requires the railroad to sound the whistle or bell of the locomotive at certain distances and intervals when approaching a public road crossed by its tracks, provided such road crossing has certain signs marked as provided by Code Section 2659.

Mrs. McCampbell's declaration alleged that her husband, while driving his automobile over a public street, approached this railroad crossing over which was passing a moving train of the defendant Railroad Company, and that her husband drove his automobile into the side of one of the freight cars as it was passing over the crossing, whereby he was thrown from the automobile, and under the wheels of the moving freight car, and instantly killed.

The Trial Court held that Code Section 2628 (1) and (2) did not apply to a railroad crossing accident in which the vehicle traveling along the street or highway was driven into the side of a moving train which was occupying the crossing. For that reason the Court was of the opinion that, in so far as it applied to Count 2, the declaration did not state a cause of action.

██ ██ Subsection (3) of Code Section 2628 requires the sounding of the bell or whistle within certain distances and intervals when approaching or leaving a town or city. In *Southern Railway Co.* v. *Simpson,* 149 Tenn. 458, 261 S. W. 677, it was held that this subsection did not apply to the case of an automobile running into the side of a train at a road crossing. The opinion observed that Section 2628 (2) and (3) were designed to prevent persons from entering upon the track. *Tenn. Central Railway Co.* v. *Page,* 153 Tenn. 84, 95-96, 282 S. W. 376, 379 calls attention to the Simpson case, supra, and closes with the statement that Code Section 2628 does "not inure to the benefit of an automobile driver who willfully ran into the side of a train while standing on or passing over the crossing".

It is conceded in behalf of Mrs. McCampbell that the construction placed upon this code section by the decisions mentioned was correct at the time. It is insisted, however, that changed social and economic conditions now require a different construction of the statute. That is a matter which addresses itself solely to legislative discretion. As Code Section 2628 is now drawn it does not apply to the case of an automobile running into the side of a train at a road crossing. Hence, in view of the allegations of the declaration Count 2 stated no cause of action.

Because the declaration showed on its face that the deceased drove his automobile into the side of the train as it was passing over the crossing, the Court was of the opinion that this was an allegation amounting in law to an admission of proximate contributory negligence barring a recovery under the common law count, and under the third count alleging a violation of a city ordinance.

The accident occurred in Chattanooga at night at the point where South Broad Street is crossed at right angles by the tracks of the defendant Railway Company. It is alleged that much traffic passes over this street, and that the train approached this crossing on that street at a reckless and dangerous speed and without giving a warning of any character that it was in the process of passing over the crossing. It is not alleged that there were any obstacles or physical conditions to obstruct the view of deceased as he approached on South Broad Street this railroad track which crossed Broad Street at a 90 degree angle, and, thus, directly within the view of the deceased. In that respect the case is to be distinguished from *Jones* v. *Louisville and Nashville R. R.,* 192 Tenn. 570, 241 S. W. (2d) 572, wherein it was held that a cause of action was stated in the common law count. No reason is suggested in the declaration as to why the deceased could not or did not see the crossing and the approaching train as he approached the crossing.

█ But assuming the sufficiency of the common law count to state a cause of action, it likewise states conduct upon the part of the deceased which, in the absence of any explanation, forces all reasonable minds to conclude that he was guilty of proximate contributory negligence barring his recovery under the common law count. ''Whenever plaintiff's own case * * * raises a presumption of

negligence on his part, the burden of repelling it is at once placed on him. * * * and where the circumstances attending the injury were such as to raise a presumption against him in respect to the exercise of due care, the law requires him to establish affirmatively his freedom from contributory negligence.'' Stewart v. City of Nashville, 96 Tenn. 50, 57, 33 S. W. 613, 615.

No decision of our Court is found wherein there arose the question of whether the above stated rule applies in considering the sufficiency of a declaration. On principle, however, no reason is conceived as to why that rule should not apply to a pleading as well as to a motion for a directed verdict. The question has arisen in other states, however.

In the West Virginia case of *Eagon* v. *Woolard,* 122 W. Va. 565, 11 S. E. (2d) 257, 258, 134 A. L. R. 970, 972, the Court said:—''The rule is that if the declaration on its face shows probability of contributory negligence on her part, it would be her duty to negative that probability, but as we read the declaration we find nothing therein from which contributory negligence on the part of the plaintiff can be deduced or presumed''. Perhaps this was dictum as applied to that case.

In the Indiana case of *Lindley* v. *Sink,* 218 Ind. 1, 30 N. E. (2d) 456, 458, 2 A. L. R. (2d) 772, 779, the Court held that:—''a complaint may be subject to demurrer if the averments thereof affirmatively show such contributory negligence. This result follows, however, only where the facts averred are not reasonably subject to any inference other than that of contributory negligence.''

The rule above stated is general, according to the text of 65 C. J. S., Negligence, Sec. 194, pages 915-916, wherein it is said that:—''The complainant must allege the ab-

sence of contributory negligence where, in stating a cause of action, it alleges facts which clearly warrant or raise an inference of contributory negligence, as where the complaint discloses that an act of plaintiff was the proximate cause of, or proximately contributed to, the injury. In such a case plaintiff must plead such other facts as will rebut such inference and show that he was blameless in the matter.''

Our conclusion is that the Trial Judge was correct in sustaining the demurrer, in so far as it applied to the common law count, because the declaration on its face disclosed facts which clearly inferred proximate contributory negligence, and did not plead other facts to rebut such inference.

The ordinance alleged by the third count to have been violated is one providing that ''it shall be the duty of the flagman to flag each passing train as it approaches and leaves—Broad Street.''

It is well established, of course, that proximate contributory negligence of the plaintiff will defeat a recovery though the negligent act attributed to defendant consisted of the violation of an ordinance. Perhaps the latest case stating the rule is *Mount Olivet Cemetery Co.* v. *Thomas,* 28 Tenn. App. 264, 271, 189 S. W. (2d) 1. Since it appears from the face of the declaration that the deceased was guilty of proximate contributory negligence it follows that the demurrer was good as to the count charging the violation by defendant of an ordinance.

In the plight of the pleadings and the applicable law the Court was compelled to sustain the demurrer and dismiss the suit. Its judgment will be affirmed with costs adjudged against Mrs. McCampbell.