LOUISVILLE AND NASHVILLE RAIL-
ROAD COMPANY, Appellant,

v.

Willie FARMER, Administrator of the
Estate of Thomas Donald Farmer,
Appellee.

No. 12147.

United States Court of Appeals
Sixth Circuit.

June 10, 1955.

Walker, Hooker, Keeble, Dodson &
Harris, Nashville, Tenn., for appellant.

Fyke Farmer, Nashville, Tenn., for
appellee.

Before SIMONS, Chief Judge, and
MARTIN and MILLER, Circuit Judges.

PER CURIAM.

Appellant, Louisville and Nashville
Railroad Company, has urged in its peti-
tion for rehearing in this case that the
driver of the automobile involved in the
collision, namely Thomas Donald Farm-
er, the intestate of Willie Farmer, Ad-
ministrator, was, upon the proof in the
case, shown to have been guilty of con-
tributory negligence as a matter of law.

The point is well taken; and it
was not our intention, in our opinion, to
leave the impression that we considered
that the administrator of the decedent
automobile driver had presented upon
the whole evidence in the case a jury is-
sue as to whether or not appellee's intes-
tate was guilty of contributory negli-
gence, for we think, upon the proof ad-
duced, that he was guilty of contributory
negligence as a matter of law.

Upon re-trial, if the same evi-
dence and no more should be adduced by
appellee, the trial judge would properly
direct a verdict for defendant, regardless
of whether or not the proof should show
that the violation of the city ordinance
of Springfield was one of the proximate
causes of the accident. The Tennessee
rule is that, where the joint negligence
of the plaintiff and the defendant consti-
tute the proximate cause of an accident,
there can be no recovery by the plaintiff.
We reiterate what we said in our opin-
ion, that proximate contributory negli-
gence of a plaintiff will defeat his recov-

ery, though the negligence attributed to a defendant consists in the violation of an ordinance. McCampbell v. Central of Georgia Railway Co., 194 Tenn. 594, 599, 253 S.W.2d 763.

With this added expression of the instruction intended to be conveyed in our opinion and mandate remanding the case to the district court for a new trial, the petition for rehearing filed by the appellant railroad herein is denied.