**Grady O. WESTBROOK, Jr. and Wife, Sherry E. Westbrook, Plaintiffs-Appellants,**

v.

**ILLINOIS CENTRAL GULF RAILROAD, A Corporation, Defendant-Appellee.**

Court of Appeals of Tennessee, Western Section, at Jackson.

Jan. 16, 1985.

Permission to Appeal Denied by Supreme Court March 25, 1985.

Carroll C. Johnson, Carroll C. Johnson, III, Johnson & Bateman, Memphis, for plaintiffs-appellants.

John W. Chandler, Jr., Burch, Porter & Johnson, Memphis, for defendant-appellee.

HIGHERS, Judge.

On January 4, 1982, near 6:00 p.m., the plaintiff, Grady O. Westbrook, Jr., struck an empty railroad flatcar in defendant's train at a crossing on Channel Avenue in Memphis. The flatcar was part of a string of empty flatcars being pushed through the crossing at the time of the accident. The crossing was marked only by a cross buck, but plaintiff was familiar with the crossing, having passed this point twice each working day for at least two years.

The plaintiff suffered amnesia as a result of the collision and gave no testimony concerning the details of the accident. Other witnesses said, however, that the headlights of oncoming traffic on Channel Avenue were visible over the tops of the flatcars and that there were no railroad flagmen or flares signaling the presence of the train on the crossing. Photographs of the site show streetlights immediately on either side of the crossing, but at least one witness stated that he did not recall whether any streetlights were operating.

The plaintiff averred that the defendant violated T.C.A. § 65–12–108 and § 34–8 of the Memphis Municipal Code. The ordinance requires that the railroad or railroads using a crossing install automatic or manual signal lights "for the purpose of giving warning and notice of the approach of locomotives...."

At the close of the plaintiff's proof, the trial court granted defendant's motion for directed verdict. The court in its judgment

stated that plaintiff was guilty of contributory negligence as a matter of law. In explaining his ruling to the jury, the trial court pointed out that the statute was inapplicable to the case.

The plaintiff's chief argument is that the circumstances of the accident created an ultrahazardous crossing by giving the impression that there was no obstruction on the tracks because the flatcars were so low that lights from traffic opposite the crossing were plainly visible. The defendant contends that the plaintiff was not only contributorily negligent as a matter of law but also that the defendant was not guilty of any negligence.

■ Before addressing the arguments, we take note of the fact that this appeal comes to us from a judgment based on a directed verdict. With the case in such a posture, we must take the strongest legitimate view of the evidence in favor of the plaintiff, indulging in all reasonable inferences in his favor, and disregarding any evidence to the contrary. The trial court's action may be sustained only where the evidence is uncontradicted and a reasonable mind could draw but one conclusion. *Bowers v. Potts*, 617 S.W.2d 149 (Tenn.App. 1981).

■ The defendant argues that the railroad is simply not guilty of any negligent act. Indeed, as held in *McCampbell v. Central of Georgia Ry. Co.*, 194 Tenn. 594, 253 S.W.2d 763 (Tenn.1952), the statute cited by the plaintiff is inapplicable to a case of an automobile running into the side of a train. The Court stated "that this subsection did not apply to the case of an automobile running into the side of a train at a road crossing ... [it was] designed to prevent persons from *entering upon the track*." (Emphasis added). 253 S.W.2d at 764. Likewise, the ordinance relied upon by the plaintiff expressly states that it is "for the purpose of giving warning and notice of *the approach*" of a train upon the crossing (emphasis added).

■ Even if the defendant had been negligent, however, contributory negligence on the part of the plaintiff will bar recovery. See *McCampbell v. Central of Georgia Ry. Co., supra.* Under normal circumstances, one who collides with the side of a moving train at a railroad crossing, with which the plaintiff was familiar, would be guilty of contributory negligence as a matter of law. *Bachman v. Illinois Central Railroad Company*, 132 Ill.App. 277, 268 N.E.2d 42 (1971).

In *Jeffreys v. Louisville & Nashville Railroad Company*, 560 S.W.2d 920 (Tenn. App.1977), Judge Nearn, writing for this Court in a factually similar case, held the plaintiff to have been guilty of contributory negligence as a matter of law where the plaintiff's automobile was struck by defendant's train as the vehicle crossed the tracks. When the train had already reached the crossing, as here, however, an even more compelling case is made out for a finding of contributory negligence in that the presence of a moving train upon the crossing is itself notice and a warning of danger. See, e.g., *Waits v. St. Louis-San Francisco Railway Company*, 216 Kan. 160, 531 P.2d 22 (1975).

■ An exception to the general rule is one in which the conditions of the crossing create an ultrahazardous situation. An ultrahazardous situation or a trap exists where the conditions at a railroad crossing are such that the railroad employees knew or should have known that a motorist might not be able to see the railroad in time to avoid a collision. *See Illinois Central Railroad Company v. Williams*, 135 So.2d 831 (Miss.1961). In the case at hand, however, we find that an ultrahazardous condition did not exist as a matter of law.

■ Although empty flatcars and hopper cars are sometimes said to present a danger, in *Wright v. Illinois Central Gulf Railroad Co.*, 550 S.W.2d 489 (Ky.1977), the plaintiff ran into the side of a train of empty, black coal hoppers. The court said that "moving railroad cars on their tracks, though the cars be black as pitch, and in the darkness of night, do not create an extra hazardous crossing. The train in

such a case is rightfully occupying the crossing. The fact that it is there is sufficient warning to the traveler upon the highway." 550 S.W.2d at 491. In a Missouri case involving a flatcar, the trial court sent the matter to the jury, declining to find contributory negligence as a matter of law. *Carson v. Baldwin*, 144 S.W.2d 134 (Mo. 1940). In that case, however, the crossing was unlighted and unmarked and the train was not in motion. The courts have generally regarded moving trains as significantly more visible than standing trains. *See* 84 A.L.R.2d 813. We, therefore, hold that the conditions existing at this crossing were insufficient to create an ultrahazardous situation.

In *McCampbell v. Central of Georgia Ry. Co., supra*, plaintiff's decedent had driven his automobile into the side of defendant's train at night while the train was moving through a crossing. The court found that these facts presented "conduct upon the part of the deceased which, in the absence of any explanation, forces all reasonable minds to conclude that he was guilty of proximate contributory negligence barring his recovery ..." 253 S.W.2d at 764. In *Bachman v. Illinois Central R.R. Co., supra*, the plaintiff was held to be contributorily negligent as a matter of law for running into the side of a moving train in patches of fog at night at a crossing with which the plaintiff was familiar and which was marked by a crossbuck. Significantly, in that case, as here, the plaintiff was familiar with the crossing. "Whether one is familiar with the railroad crossing seems to be a factor in determining whether he is guilty of contributory negligence." Note, Negligence—Failure to Stop at Railroad Crossing—Contributory Negligence as a Matter of Law, 34 Tenn.L. Rev. 709, 711 (1967).

For the reasons stated, we hold that the proximate cause of the accident was the negligence of the plaintiff, and that he would be barred from recovery by contributory negligence as a matter of law even in the event of negligence by the defendant.

The judgment of the trial court is affirmed. Costs are assessed against the plaintiff-appellant.

NEARN, P.J. (W.S.), and CRAWFORD, J., concur.