Heber Rogers, Plaintiff in Error,

*v.*

Jack B. Garrett, Defendant in Error.

397 S.W.2d 372.

(*Jackson,* April Term, 1965.)

Opinion filed December 6, 1965.

Maddox, Maddox & Lassiter, Huntingdon, Van Dyke & Dunlap, Paris, for plaintiff in error.

George C. Thomas, Allen J. Strawbridge, Dresden, for defendant in error.

Mr. Justice Chattin delivered the opinion of the Court.

This is a suit for personal injuries brought by Jack B. Garrett against Heber Rogers resulting from certain alleged acts of negligence.

The parties will be referred to as they appeared in the trial court.

The cause was tried to a jury which resulted in a verdict for plaintiff and was approved by the trial judge. On appeal to the Court of Appeals the verdict and judgment of the trial court was affirmed.

We have granted certiorari. The matter has been ably argued at the bar of this Court and able and exhaustive briefs in support of the theories of the respective parties have been filed.

Defendant has assigned as error the action of the Court of Appeals in sustaining the trial judge in overruling the motion of defendant for a directed verdict at the conclusion of all the evidence. It is insisted this was error because there was no material evidence to support the verdict of the jury and judgment of the trial court.

Although there is some dispute in the testimony, the facts as found by the Court of Appeals and which could have been reasonably found by the jury are as follows:

Plaintiff is the son-in-law of Mrs. Marguerite Jones, who resides in Dresden, Tennessee. Defendant is a cousin of Mrs. Jones and resides in Nashville, Tennessee.

Plaintiff resides in Dallas, Texas. Prior to the date of the accident on June 8, 1963, plaintiff had brought his wife and two minor children to visit Mrs. Jones. He returned to Dallas and on June 7, 1963, he left Dallas about nine o'clock P.M., and drove all night and reached the home of Mrs. Jones about twelve thirty P.M. the

next day. Defendant was there when plaintiff arrived and was dressed in work clothes.

Rogers had been permitted to fell a tree in the back yard of Mrs. Jones for firewood. Prior to the arrival of Garrett, Rogers had severed the tree which lodged against a smaller tree.

At the request of Rogers, plaintiff assisted him in felling the smaller tree in order to permit the larger tree to fall to the ground.

Plaintiff then intended to go back into the house to lie down and rest. But the defendant insisted that plaintiff assist him in cutting the large tree into firewood. Plaintiff told defendant that he was tired and wanted to rest. He also told defendant he had had no experience in cutting trees into firewood. Upon the assurance of the defendant, "I will look after you, show you where to stand, what to do, and how to work on this saw pulling it across," plaintiff assented to assist defendant.

Two or three limbs were sawed from the tree and into firewood. Thereafter, defendant told plaintiff it would be necessary to roll the tree over to proceed with sawing the tree into firewood. Defendant was near the top of the tree and plaintiff went near the butt and asked defendant if he was in the right place to assist in turning the tree to which defendant replied he was. At the suggestion of the defendant, they synchronized their efforts and at the count of three by the defendant they rolled the tree forward. When the tree rolled over a limb sprang from beneath the tree and struck plaintiff in his right eye which necessitated its removal.

The record shows plaintiff only had a 20/200 vision in his left eye prior to the accident.

It is also shown in the record defendant had had considerable experience in felling trees and cutting them into firewood and that plaintiff had had no such experience.

■■ From these facts, which are conclusive on this Court, since there is material evidence in the record to support such a finding, the jury could reasonably have found the plaintiff volunteered to assist the defendant in his work at defendant's invitation and request.

Under these circumstances, defendant owed the duty of ordinary care toward plaintiff. 65 C.J.S. Negligence sec. 62, page 554.

"The rules are that a mere stranger to the work who undertook, without invitation, to assist, cannot recover for injuries sustained unless they proximately resulted from gross negligence, willfulness, or wantonness in respect to his safety (45 C.J., 840; 20 R.C.L. 57, sec. 53; *Richardson v. Babcock & Wilcox Co.* (C.C.A.) 175 F. 897); but that such person acting as an invitee can recover for injuries sustained proximately from violation of a duty to exercise ordinary care and prudence toward him under the circumstances." *Hatcher v. Cantrell*, 16 Tenn.App. 544, 65 S.W.2d 247 (1933)

■ Accordingly, we are of the opinion it was for the jury to decide whether defendant was negligent in failing to warn plaintiff of the danger of a limb springing up when the tree was turned; and whether he was negligent in assuring plaintiff he was in a safe place to assist in turning the tree without making an inspection thereof.

Finally, it was argued at the bar of the Court in behalf of the defendant the evidence shows as a matter of law

the plaintiff assumed the risk and the trial court was in error in not directing a verdict upon this ground.

■ We understand the rule of assumption of risk, when it rests in tort and not contract, to be composed of three distinct elements: (1) Knowledge of the danger, (2) an appreciation of that danger, and (3) voluntary exposure to that danger.

■ We think under the facts of this case the doctrine of assumption of risk cannot be applied as a matter of law.

It is true plaintiff testified he knew as a general proposition that a bent limb when released would spring up. There is no proof, however, that plaintiff was conscious of such a peril. He was assured by defendant he was in a safe place to turn the tree.

"[W]hen there can be no dispute as to his consciousness of the peril inherent in such a situation, then a question of law only remains, and the question is one for the court." *Lea v. Gentry,* 167 Tenn. 664, 73 S.W. 2d 170 (1934); *Talbot v. Taylor,* 184 Tenn. 428, 201 S.W.2d 1 (1935).

Otherwise the question is one for the jury. From the proven facts, it cannot be said the minds of reasonable men might not differ on this issue.

It results defendant's assignment of error is overruled and the judgment of the Court of Appeals is affirmed.

BURNETT, CHIEF JUSTICE, and WHITE, DYER and CRESON, JUSTICES, concur.