Mrs. Harriet P. Olney, Plaintiff in Error,

*v.*

Beaman Bottling Company, Defendant in Error.

418 S.W.2d 430.

(*Nashville,* December Term, 1966.)

Opinion filed June 26, 1967.

F. Clay Bailey, Jr., of counsel, Bailey, Ewing & Dale, Nashville, for plaintiff in error.

GEORGE H. ARMISTEAD, JR., and THOMAS A. HIGGINS, Nashville, for defendant in error.

·MR.· SPECIAL· JUSTICE WILLIAM J. HARBISON delivered the opinion of the Court.

This is a suit by a consumer against a processor of bottled drinks seeking to recover upon a theory of breach of·implied warranty. The trial judge sustained the demurrer and·'dismissed the· suit. For convenience the parties will be referred to as they appeared in the trial court.

.Initially .the plaintiff sued the retailer of the product, Cooper-Martin, Inc., as well as the processor, Beaman Bottling Company. The plaintiff later took a voluntary non-suit as to the retailer, however, so that its liability, if any, is not before this Court. As to Beaman Bottling Company, plaintiff alleged it to be a Tennessee corporation "whose business includes the bottling and distribution to retail outlets of a beverage known as Pepsi-Cola." The declaration does not contain any allegation that this

defendant actually bottled or sold the product in question to the retail outlet mentioned, and there is no allegation as to the condition of the product when and if it left the control of this defendant.

The allegations of the declaration are extremely brief. The declaration was at no time amended, except to change a typing error with reference to a date. As amended, the declaration alleges that during the latter part of December, 1963,

* * * the Plaintiff purchased a carton of Pepsi-Cola, at the Defendant Cooper-Martin, Inc.'s store in Green Hills on Hillsboro Road, Davidson County, Tennessee. When she arrived at her home later in the day, she opened one of the bottles from this carton and after taking several swallows, she noted an odd, disagreeable taste. Upon examination, it was discovered that this bottle of Pepsi-Cola contained large amounts of partially decayed material resembling tobacco.

Thereafter, there follows a description of nausea and alleged injuries. The declaration then states:

This illness and injury resulted from a breach by the defendants of their warranty that the said beverage was fit for human consumption.

The declaration concludes with a prayer for damages and a jury demand.

We are of the opinion that the declaration in this case fails to state a cause of action. It is true that by T.C.A. sec. 20-806:

All wrongs and injuries to the property and person, in which money only is demanded as damages, may be redressed by an action on the facts of the case.

■ It is further true that the courts do not look with favor upon demurrers, and, of course, it is provided by statute that at any time before or after a ruling upon a demurrer a plaintiff may amend a declaration to state additional facts or to correct defects in the complaint. T.C.A. sec. 20-914—915.

We recognize that strict liability exists upon the manufacturer of a product without fault on his part, under the circumstances outlined in 2 RESTATEMENT, Second, Torts sec. 402-A(1965). This result was foreshadowed by the opinion of this Court in the case of *Ford Motor Company v. Lonon,* 217 Tenn. 400, 398 S.W.2d 240 (1966). This is a development in the law of torts which seems justified where the conditions specified in the RESTATEMENT are established by proof.

■ This liability, however, is not liability for breach of warranty as that term has been known and used generally. See Comment M to RESTATEMENT, Second, Torts, sec. 402-A. This Court held in *Coca-Cola Bottling Works v. Sullivan,* 178 Tenn. 405, 158 S.W.2d 721, 171 A.L.R. 1200 (1942), and in earlier cases, that there is no implied warranty where there is no privity of contract, and that there is no implied warranty of fitness running with a product from the manufacturer to the consumer. To the extent of this holding, Sullivan and its predecessor are still good law and have not been disturbed by subsequent cases in this jurisdiction. See *Kyker v. General Motors Corp.,* 214 Tenn. 521, 381 S.W.2d 884 (1964); *Oliver Corp. v. Green,* 54 Tenn.App. 647, 393 S.W.2d 625 (1965).

To the extent that Sullivan required proof of negligence, of course, it is modified by the adoption of strict liability as outlined in the RESTATEMENT, supra.

As noted in the RESTATEMENT, however, strict liability is imposed upon one who sells a product "in a defective condition unreasonably dangerous to the user or consumer or to his property." We approve this principle where appropriate, but the declaration in the present case barely even says that the defendant was the manufacturer or processor of the product. It wholly fails to allege that the product was defective when it left the hands of the manufacturer, and that it was then in a dangerous condition. The allegations of the declaration have been quoted in their entirety above, except for the formal identification of the parties and the description of the injuries. We cannot read this declaration as stating a cause of action under RESTATEMENT, sec. 402-A.

It seems clear to us from reading the declaration that the plaintiff insisted upon casting her suit upon a theory of breach of implied warranty of fitness. The courts of this State have repeatedly held that such a warranty does not exist between the manufacturer and the customer. The trial judge had no alternative but to sustain the demurrer of the Bottling Company to the declaration as drawn. In this Court the only assignments of error made are that the trial court erred in sustaining that demurrer. These assignments are not well taken.

We have no inclination to emphasize technicalities in pleadings, or to stress nomenclature in describing a cause of action. If one wishes to state a cause of action under RESTATEMENT, sec. 402-A, however, he must state all of the essential facts constituting the cause of action. When his complaint is challenged by demurrer, he has ample opportunity to amend, under very liberal rules. The failure to amend here indicates to us that the

plaintiff specifically cast her suit upon a theory not tenable under previous holdings of this Court.

The judgment of the trial court is affirmed at the cost of the plaintiff.

BURNETT, CHIEF JUSTICE, and DYER, CHATTIN and CRESON, JUSTICES, concur.