**Thelma Sue CARROLL, etc.,**
**Plaintiff,**

v.

**NATIONAL CAR RENTAL SYSTEMS,**
**INC., et al., Defendants.**

**Civ. A. No. 3075.**

United States District Court,
E. D. Tennessee,
Northeastern Division.

Sept. 18, 1973.

J. Kenneth Wright and Daniel B. Minor, Wright & Minor, Kingsport, Tenn., for plaintiff.

Joseph O. Fuller, Kingsport, Tenn., for defendants.

## MEMORANDUM OPINION AND ORDER

NEESE, District Judge.

This is a removed, 28 U.S.C. § 1441(a), diversity action, 28 U.S.C. § 1332(a)(1), (c), for wrongful death. Tennessee law applies. 28 U.S.C. § 1652.

The action was commenced on January 30, 1973 against the defendant National Car Rental Systems, Inc. (Rental). The plaintiff claimed her decedent was killed on March 18, 1972. By proper amendment of June 9, 1973, Rule 15(a), Federal Rules of Civil Procedure, the plaintiff joined as a defendant, International Harvester Company (International). The latter moved to dismiss the complaint as to it, on the ground that the plaintiff failed to state a claim against it on which relief can be granted. Rule 12(b)(6), Federal Rules of Civil Procedure. Such defendant claims that the plaintiff's claim of negligence against it is barred by T.C.A. § 28–304,[1] and that her claim of breach of warranty is unactionable because of lack of privity between her decedent and International.

The plaintiff conceded that her claim of negligence against International is barred by the aforementioned statute. This Court is of the opinion that her claim of breach of warranty is unactionable because of lack of privity between her decedent and International, and that her claim of strict liability in tort is also barred by T.C.A. § 28–304.

■ Mrs. Carroll contends that she has stated a claim upon which relief can be granted against International in the absence of privity between her decedent and International. Ford Motor Company v. Lonan (1966), 217 Tenn. 400, 398 S.W.2d 240, 246, 248[1]. She appears to confuse the rule of strict liability in tort stated in *Lonan, supra*, where privity of contract is not an essential element, and an action in damages for breach of a warranty, where privity of contract is an essential element.

■■ The rule in *Lonan, supra*, relates to damage from tortious conduct, and any claim for personal injury emanating therefrom must have been brought within the limitation period of T.C.A. § 28–304. Mrs. Carroll's cause of action thereunder accrued on March 18, 1972—the date of the death of her decedent; she commenced her action against International therefor on June 9, 1973—more than one year after March 18, 1972. Her cause of action accrued after her decedent sustained his fatal injury. For liability to be imposed because of a breach of an express warranty by International, privity must have existed between the plaintiff's decedent and International. Walker v. Decora, Inc. (1971), 225 Tenn. 504, 471 S.W.2d 778, 783 [10]. There is no implied warranty where there is no privity of contract, and there is no implied warranty of fitness running with a product from the manufacturer to the user. Olney v. Beaman Bottling Company (1967), 220 Tenn. 459, 418 S.W.2d 430, 431[2]; Leach v. Wiles, C.A.Tenn. (1968), 58 Tenn.App. 286, 429 S.W.2d 823, 831[3], certiorari denied (1968).

■ Mrs. Carroll cannot avail herself in this situation of T.C.A. § 23–3004, which eliminated the previous requirement of privity " * * * [i]n all causes of action for personal injury * * * brought on account of negligence, strict liability or breach of warranty, including actions brought under the provisions of the Uniform Commer-

---

1. " * * * Actions * * * for injuries to the person * * * shall be commenced within one (1) year after cause of action accrued. For the purpose of this section, insofar as products liability cases are concerned, the cause of action for injury to the person shall accrue on the date of the personal injury not the date of the negli- gence or the sale of a product and in said products cases no person shall be deprived of his right to maintain his cause of action until one (1) year from the date of his injury and under no circumstances shall his cause of action be barred before he sustains an injury. * * * " T.C.A. § 28–304.

cial Code * * * ." That statute became effective on April 10, 1972—23 days after the plaintiff's cause of action accrued—and is not applied retroactively. Charles L. Moulton, et al. v. Ford Motor Company, et al., C.A.Tenn. (1973).[2]

It thus appears beyond doubt that the plaintiff can prove no set of facts in support of her claim against International which would entitle her to relief, and it is therefore proper to dismiss her complaint against International for failure to state a claim. See Conley v. Gibson (1957), 355 U.S. 41, 45–46, 78 S.Ct. 99, 2 L.Ed.2d 80, 84 (headnote 4). That defendant's motion for a dismissal hereby is sustained, and the claim of the plaintiff Thelma Sue Carroll, etc., against the defendant International Harvester Company hereby is

Dismissed. Rule 58(1), Federal Rules of Civil Procedure.

