Ruby MILLER et vir., Plaintiffs,

v.

B–B DISTRIBUTING COMPANY et al., Defendants.

No. CIV–2–77–36.

United States District Court,
E. D. Tennessee,
Northeastern Division.

Memorandum Feb. 16, 1978.

On Motion to Exclude Evidence
Feb. 21, 1978.

**220**

Max E. Wilson, Wilson & Wilson, Mountain City, Tenn., for plaintiffs.

N. R. Coleman, Jr.; Milligan, Coleman, Fletcher & Gaby, Greeneville, Tenn., for defendants.

## MEMORANDA OPINIONS AND ORDERS

NEESE, District Judge.

(The plaintiffs amended their complaint herein so as to invoke properly the jurisdiction of this Court, see memorandum opinion and order herein of February 14, 1978.)

A magistrate of this district recommended that the motion of the defendant White Clover Cheese Company, Inc. (White Clover) for a dismissal of this action, for the plaintiffs' failure to state a claim against it upon which relief can be granted herein, Rule 12(b)(6), Federal Rules of Civil Procedure, or alternatively, for a summary judgment, Rule 56(b), Federal Rules of Civil Procedure, be granted in its latter alternative. 28 U.S.C. § 636(b)(1)(B). A copy of such recommendation was mailed to counsel for each party by the clerk on January 30, 1978; however, no timely written objection to such recommendation was served and filed. 28 U.S.C. § 636(b)(1).

■ The undersigned judge hereby ACCEPTS the magistrate's foregoing recommendation. *Idem.* It appears from the affidavit submitted in support of such motion, the answers to the interrogatories herein, the deposition of Mr. Bernard V. Goldback, and from the record herein as a whole that such defendant has evidence to offer that any cheese which might have proximately caused or contributed to the injuries suffered by the female plaintiff herein was neither sold by nor placed in the stream of commerce by its personnel. There, thus, being no genuine issue of material fact extant between the plaintiffs and the defendant White Clover, and the latter being entitled to a judgment as a matter of law, its motion herein of December 2, 1977 for a summary judgment hereby is GRANTED. Rule 56(c), Federal Rules of Civil Procedure. Summary judgment will enter, that the plaintiffs take nothing herein from the defendant White Clover Cheese Company, Inc. Rule 58(1), Federal Rules of Civil Procedure.

The magistrate recommended also that the joint motion of the defendants B–B Distributing Company (B–B) and Borden Foods, Inc. (Borden) herein of December 14, 1977 for a dismissal hereof, Rule 12(b)(6), *supra*, or, alternatively, for a summary judgment, Rule 56(b), *supra*, be treated solely in its latter alternative and be denied. 28 U.S.C. § 636(b)(1)(B). Such movants served and filed timely written objections to such recommendation, and the undersigned judge considers de novo those portions of the magistrate's recommendation to which objection was made. 28 U.S.C. § 636(b)(1).

The thrust of the plaintiffs' claim herein is that the female plaintiff was personally injured as a proximate result of her consumption of a quantity of longhorn cheddar cheese, which product was sold in a defective condition, in that it contained fragments of glass, iron, and wood, creating a condition unreasonably dangerous to consumers thereof. It is claimed that such cheese had been sold to the defendant Borden, which, in turn, sold it to the defendant B–B, which, in turn, sold it to the retail outlet from which it was purchased by Mrs. Miller. The plaintiffs contend that each of the remaining defendants is strictly liable to them in tort under the rule of § 402A of the Restatement of the Law, Torts (2d).

■ The aforenamed defendants contend essentially that they are entitled to a summary judgment (1) since they could not be strictly liable herein under the so-called

"sealed container" doctrine, and (2) because the plaintiffs have failed " * * * to establish by a clear preponderance of the evidence that there was no reasonable opportunity for tampering and contamination after the [cheese] left the control of either of the[m]. * * * " Since this Court's jurisdiction herein has been invoked under the diverse citizenship of the parties and the requisite amount in controversy, the Court must look for a resolution of this issue to the law of Tennessee, including such jurisdiction's conflict-of-law rules. *Boatland, Inc. v. Brunswick Corp.*, C.A. 6th (1977), 558 F.2d 818, 821[1]. It being undisputed that any resulting injury suffered by the female plaintiff occurred in the state of Tennessee, that state's substantive law must govern. *Telecommunications, E. S. & S. Co. v. Southern T. S. Co.*, C.A. 6th (1975), 518 F.2d 392, 394[4]; *Winters v. Maxey* (Tenn., 1972), 481 S.W.2d 755, 756[1].

" * * * [The Supreme Court of Tennessee] has approved the basic rule of Sec. 402A of the Torts Restatement. * * * " *Orfield v. International Harvester Co.*, C.A. 6th (1976), 535 F.2d 959, 961. Such Court first indicated its approval of the doctrine in *Ford Motor Company v. Lonon* (1966), 217 Tenn. 400, 398 S.W.2d 240, and directly approved it as the law of Tennessee in *Olney v. Beaman Bottling Company* (1967), 220 Tenn. 459, 418 S.W.2d 430. *Ibid.*, 535 F.2d at 961–962. However, in neither such case " * * * has the doctrine of strict liability been applied to a merchant who sells the product in a sealed container and who is afforded no reasonable opportunity to inspect. * * * " *Walker v. Decora, Inc.* (1971), 225 Tenn. 504, 471 S.W.2d 778, 783[6].

The Tennessee Supreme Court refused expressly to extend strict liability to such situations " * * * [i]n the absence of legislation. * * * " *Idem.* Thus, the Court held that the distributor and installer of materials, used in the installation of a floor, which materials were packed and distributed by the manufacturer in sealed cans, could not be liable under § 402A, *supra.* *Idem.* This same general position appears to have support in a statement by

the Court of Appeals for this circuit that, in order to recover under the Tennessee law of strict liability in tort, " * * * the plaintiff must show that the [product] was in a harmful condition at the time it left the control of the defendants, *and that condition must be traceable to the defendants.* * * * " *Barbeau v. Roddy Manufacturing Company*, C.A. 6th (1970), 431 F.2d 989, 994 (emphases supplied.)

Citing *Walker, supra*, one products liability treatise has noted that " * * * there is some authority (which might be considered a minority view) that a wholesaler and a retailer of a product will not be held strictly liable in tort, where the wholesaler and retailer participated in no way in the manufacturing process, and where the product, having a latent defect, was in 'exactly the same condition' when sold by the retailer as it had been when it left the hands of the manufacturer." 1 Hursh & Bailey, American Law of Products Liability (2d ed.) 721, § 4:28. This position appears to be in direct conflict with certain comments of the American Law Institute:

\* \* \* \* \* \*

* * * The rule stated in [§ 402A] applies to any person engaged in the business of selling products for use or consumption. It therefore applies to * * * any wholesale or retail dealer or distributor * * *. * * * The basis for the rule is the ancient one of special responsibility for the safety of the public undertaken by one who enters into the business of supplying human beings with products which may endanger the safety of their persons and property, and the forced reliance upon that undertaking on the part of those who purchase such goods. * * *

\* \* \* \* \* \*

Restatement of the Law, Torts (2d), § 402A, comment f. Similarly, illustration 1 to comment *l* of the same section indicates that, in a situation similar to that involved herein, a wholesaler, jobber, and retailer (in addition to the manufacturer) of a sealed product could be strictly liable, even where

" * * * no reasonable inspection could possibly have discovered * * * " the foreign substance in a sealed food container.

■ This Court is not at liberty to treat the comments to § 402A, *supra*, as the law in Tennessee, see *Orfield v. International Harvester Co., supra*, 535 F.2d at 961–963, unless it is convinced that the Tennessee Supreme Court, if confronted with the direct question, " * * * would also specifically approve [such] comments, * * * " *ibid.*, 535 F.2d at 963. This Court is not so convinced, since the Tennessee Supreme Court appears to have refused expressly to extend the doctrine of strict liability in this state to instances similar to those appearing in the aforementioned comments. The Court is not aware of any legislation expanding § 402A, *supra*, to such situations; nor is there any indication that Tennessee's highest court has retreated from its aforementioned stance. Accordingly, the rule of *Walker v. Decora, Inc., supra*, must be followed.

■ " * * * [A] case heard in the federal courts should be determined upon the merits and after an adequate development of the facts. * * * " *Oil Chemicals & Atom. Wkrs. Union v. Delta Refin. Co.*, C.A. 6th (1960), 277 F.2d 694, 698[4]. Summary judgment is authorized " * * * only if there are no material issues of fact and the record shows 'that the moving party is entitled to judgment as a matter of law.' * * * " *Lashlee v. Sumner*, C.A. 6th (1978), 570 F.2d 107, 111. A trial judge must be slow in passing upon a motion for summary judgment, which would deprive a party of his right to a trial by jury, where there is a reasonable indication that a material fact is in dispute. *Begnaud v. White*, C.A. 6th (1948), 170 F.2d 323, 327[6].

■ It appears from the record herein as a whole that genuine issues of material fact are extant between the plaintiffs and the remaining defendants: namely, whether each such defendant received and sold the cheese involved herein in a sealed container with no reasonable opportunity to inspect within the meaning of *Walker v. Decora, Inc., supra*. Accordingly, the recommendation of the magistrate in this regard hereby is ACCEPTED, and the motion of the defendants for a dismissal hereof, or alternatively, for a summary judgment hereby is

DENIED.

■ The defendants B–B and Borden moved the Court to bifurcate the trial of this action between the issues of liability and damages. Rule 42(b), Federal Rules of Civil Procedure. In the discretion of the Court, *Crummett v. Corbin*, C.A. 6th (1973), 475 F.2d 816, 817[1], such motion hereby is

DENIED.

" * * * [S]eparation of issues 'should be resorted to only in the exercise of informed discretion and in a case and at a juncture which move the court to conclude that such action will really further convenience or avoid prejudice' and * * * '[a] paramount consideration at all times in the administration of justice is a fair and impartial trial to all litigants. Considerations of economy of time, money and convenience of witnesses must yield thereto.' * * * " *Moss v. Associated Transport, Inc.*, C.A. 6th (1965), 344 F.2d 23, 26[3, 4], quoting from *Baker v. Waterman S. S. Corp.*, D.C.N.Y. (1951), 11 F.R.D. 440, 441. The Court is not convinced that, in this instance, any useful purpose would be served by the bifurcation of the issues of liability and damages.

## ON MOTION TO EXCLUDE EVIDENCE

The plaintiffs moved pretrial, in the nature of a motion in limine, for the Court to order the defendants and their counsel to refrain from introducing or alluding in any manner to certain categories of evidence at the trial hereof. See Rules 103(c), 104(c), Federal Rules of Evidence. Specifically, the plaintiffs wish to have excluded the following:

\*    \*    \*    \*    \*    \*

(1) The identity of the manufacturer of the cheese in question.

(2) Whether Defendants were negligent or not, or what degree of care they exercised in processing or handling this cheese.

(3) Whether the defect in the cheese was latent and not reasonably discoverable. (4) Whether the Defendants had any duty to inspect.

\* \* \* \* \* \*

It is the plaintiffs' contention that if any of the aforementioned evidence is placed before the jury such would be " \* \* \* extremely improper and prejudicial \* \* \* " to them, and that with the sanction they seek by this motion " \* \* \* a mistrial will be avoided." It is urged that this evidence is irrelevant, Rule 401, Federal Rules of Evidence, and consequently is inadmissible, Rule 402, Federal Rules of Evidence.

■ The Court does not agree that all of such evidence is irrelevant and thus inadmissible. As part of their defense herein, the defendants rely upon the so-called "sealed container" doctrine. As this Court interprets the Tennessee law,\* the strict liability theory upon which the plaintiffs base their claims herein cannot be " \* \* \* applied to a merchant who sells the product in a sealed container and who is afforded no reasonable opportunity to inspect. \* \* \* " *Walker v. Decora, Inc.* (1971), 225 Tenn. 504, 471 S.W.2d 778, 783[6]. This being so, some of the categories of evidence which the plaintiffs seek to exclude pretrial would appear to be relevant to the issues herein.

■ Counsel for the defendants are under a professional obligation not to state or allude to any matter that he has no reasonable basis to believe is relevant to the case or that will not be supported by admissible evidence, nor to ask any question that he has no reasonable basis to believe is relevant to the case. American Bar Association's Code of Professional Responsibility, Disciplinary Rule 7–106(c)(1), (2). This Court is under a duty to conduct the trial of this action, to the extent practicable, so as to prevent inadmissible evidence from being suggested to the jury by any means. Rule 103(c), Federal Rules of Evidence.

At this stage of the proceedings, it does not appear practicable to the Court to require such a blanket exclusion of the categories of evidence as is urged by the plaintiffs, some (or all) of which may not even be attempted to be offered by the defendants. Accordingly, the plaintiffs' motion in limine hereby is OVERRULED, but without prejudice to the plaintiffs' making timely objection at trial to any specific evidence which they claim is not admissible.

---

\* " \* \* \* While the law may have figured out how to deal with exploding pop bottles, products liability cases continue to present some of the most perplexing problems faced by courts today. \* \* \* " *Wright v. Cincinnati Shaper Co.*, C.A. 6th (1978), no. 76–1697, decided and filed February 3, 1978 (opinion designated not for publication). Where the state law is not clear, this Court must do its best to " \* \* \* 'understand it from the cases that have been handed down.' \* \* \* " *Idem*, quoting from *Macres v. Coca-Cola Bottling Co.* (1939), 290 Mich. 567, 570, 287 N.W. 922, 923.