Naomi LANCASTER, Individually and as Representative of the Statutory Beneficiaries of Sandra Lancaster, Deceased, Plaintiff-Appellant

v.

NAKANISHI CONVEYORS CO., LTD. and Nakanishi Metal Works Co., Ltd., Defendants-Appellees.

Court of Appeals of Tennessee,
Western Section,
at Jackson.

Aug. 23, 1984.

Application for Permission to Appeal Denied by Supreme Court Nov. 5, 1984.

Mary E. Chrisman and B.J. Wade, Memphis, for plaintiff-appellant.

J. Alan Hanover, James B. Jalenak and James R. Newsom, III, Memphis, for defendants-appellees.

NEARN, Presiding Judge, Western Section.

Plaintiff's intestate was fatally shocked when her hand came into contact with a high voltage component of a microwave oven while working at her place of employment, Sharp Manufacturing Company, which company manufactures microwave ovens. Suit was filed in negligence against the manufacturer of a microwave component, the designer of the microwave oven and the manufacturer of the conveyor system upon which the microwave oven traveled as it was being worked upon. Defendant Nakanishi is the manufacturer of the conveyor system. Nakanishi was dismissed from the suit on their motion for summary judgment and a Rule 9 application for interlocutory appeal from that order was made to, and granted by, this Court to review the action of the Trial Judge. The other defendants are of no concern to this Court at this time and we deal only with the summary judgment motion of Nakanishi.

In short, the complaint alleges that Nakanishi, with knowledge of the uses that were to be made of its product, designed and manufactured an unsafe and dangerous conveyor system. Nakanishi admitted in its answer that it "participated in the design and manufacturer of the conveyor." One who designs and manufacturers a product with knowledge of the uses to be made thereof is under a duty to produce a reasonably safe product. *Ellithorpe vs. Ford Motor Co.*, (1973 Tenn.) 503 S.W.2d 516. At this state of the proceedings, such

admission is sufficient to keep Nakanishi in the case, provided there is not some undisputed question of fact presented by the record that relieves Nakanishi of its duty or shows that such duty has been met.

■ Prior to a discussion of the law involved, we believe a better understanding of our treatment of this appeal requires that some of the undisputed facts and circumstances regarding the fatal occurrence be briefly set forth. The conveyor system is a standing type table-high U shaped conveyor. Items are placed at one end on a top consisting of a series of rollers and are shoved along the top by employees who perform various tasks on the item as it is moved down the line. As far as we can tell from the record, employees work on both sides of the U shaped conveyor. The conveyor system contains at various places electrical receptacles that permit the worker to plug in the cord of any electrical appliance proceeding down the line in order that the appliance be energized whenever necessary to ascertain whether or not the appliance is performing satisfactorily.

The deceased crossed from the side of the conveyor system to which she was assigned to the other side and while engaged in conversation with a fellow employee caused her hand to come into contact with that part of an energized microwave oven containing an open high voltage wire. That contact proved fatal.

The defendant relied upon the discovery deposition and affidavits of two expert engineers. One, in material part, swore as follows:

There was nothing defective about the wiring in the conveyor, as it was properly grounded and was properly protected by a safety circuit breaker system known as a ground fault interrupter which would have disengaged the power had any fault occurred in the electrical wiring system in the conveyor. The fatal shock which was received by the deceased was a result of her having touched high voltage wiring in the exposed cabinet of the microwave oven, and she would have been fatally shocked had she touched the chassis of the microwave oven and the terminal at the same time. In other words, had this microwave oven been sitting on a wooden table or suspended in midair without the presence of the conveyor, which was not defective in any way that I could see, Ms. Lancaster would have received the fatal shock of electricity in all events under the above circumstances. Although the conveyor system was grounded as it should have been for proper safety precautions, since current leakage would have made the entire conveyor dangerous had it not been properly grounded, the microwave chassis itself was also grounded through its cord, so that it would have made no difference under the circumstances which she touched.

The other expert also gave evidence to the effect that there was nothing wrong with the electrical design of the conveyor belt and that it was properly electrically designed.

An expert for the plaintiff swore that the conveyor belt should not have been grounded and that if it had not been grounded, the deceased would not have been killed.

Therefore, the record discloses a disputed issue of fact on that point.

The contract between the employee and Nakanishi provided in part as follows:

NAKANISHI acknowledges that the EQUIPMENT is intended for use in SHARP's production of consumer electronic product, including television receivers and microwave ovens, and warrants that the EQUIPMENT is fit for its intended use and that the services set forth in Paragraph 1 of this MEMORANDUM will be performed with due care.

The plaintiff's expert witness swore that since Nakanishi knew of the uses to be made of the conveyor system (microwave oven testing and that such units would be energized because the conveyor contained facilities for plugging in appliances) he was of the opinion that good engineering practice required that the conveyor system be designed with "safety shields" so that a

worker could not come into contact with the exposed high voltage wires of a microwave oven. We do not find this testimony to be contradicted by defendant's experts. Their testimony is principally directed to the wiring system of the conveyor.

However, the Trial Judge found that under the record as a matter of law there was no duty on the defendant to protect the plaintiff. We believe the *Ellithorpe, supra,* case holds otherwise. We therefore must reverse and remand the case for further proceedings.

Costs of this appeal are assessed against the appellees.

Done in Jackson in the two hundred and ninth year of our Independence and in the one hundred and eighty-ninth year of our Statehood.

TOMLIN and HIGHERS, JJ., concur.