831 F.2d 295
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Alycemarie McCLELLAN, a minor, by next friend, Nettiealyce
McCLELLAN, and Nettiealyce McClellan,
individually, Plaintiffs-Appellants,
v.
The GILLETTE COMPANY and Liquid Paper Corporation,
Defendants-Appellees.
 No. 86-6182.
 United States Court of Appeals, Sixth Circuit.
 Oct. 14, 1987.
 
 Before: RALPH B. GUY, Jr. and BOGGS, Circuit Judges, and SUHRHEINRICH, District Judge.*
 PER CURIAM.
 
 
 1
 The plaintiffs, Alycemarie McClellan, a minor, and her mother Nettiealyce McClellan, appeal from the granting of the defendants' motion for summary judgment by the United States District Court for the Middle District of Tennessee. The plaintiffs filed a product liability action against Gillette and its subsidiary Liquid Paper, the manufacturers of a typewriter correction fluid, based on claims of negligence and strict liability. The minor plaintiff seeks damages for personal injuries caused by the inhalation of Liquid Paper. The district court found for defendants as a matter of law, holding that the minor plaintiff assumed the risk of injury by knowingly abusing defendants' product. We affirm.
 
 
 2
 The minor plaintiff first began inhaling Liquid Paper at the age of twelve. After observing a friend become intoxicated by inhaling the correction fluid, the minor plaintiff purchased a bottle of Liquid Paper, emptied the contents into a sandwich bag, placed the bag over her nose and mouth, and inhaled the product for the purpose of becoming intoxicated. One week later, the minor plaintiff was caught inhaling Liquid Paper at a public swimming pool by a high school coach. The coach informed the minor plaintiff and her mother, Mrs. McClellan, that such behavior was hazardous to her health. Mrs. McClellan reprimanded the minor plaintiff and informed her that she could harm herself by inhaling Liquid Paper.
 
 
 3
 The minor plaintiff failed to heed the warnings of the coach and her mother. Throughout the 1982-1983 school year, the minor plaintiff inhaled Liquid Paper several times a week. During this time, the minor plaintiff was warned of the danger of continued inhalation of the correction fluid on a number of occasions. Mrs. McClellan caught her daughter inhaling the product on two or three occasions; when the intoxicating effect of the Liquid Paper would wear off, Mrs. McClellan would tell the minor plaintiff that inhaling the product was "dangerous" and "not good for her."
 
 
 4
 In June of 1983, upon the completion of the school year, the minor plaintiff began inhaling Liquid Paper on a daily basis. While vacationing at the home of relatives, the minor plaintiff discontinued inhaling Liquid Paper for a three week period in August 1983. During this period, the minor plaintiff complained of severe headaches and leg cramps. Upon returning from vacation, Mrs. McClellan took the minor plaintiff to Dr. Japel for medical treatment. Dr. Japel examined the minor plaintiff and informed her and Mrs. McClellan that inhalation of the product could be harmful and that such conduct should cease. Dr. Japel also referred the minor plaintiff to a psychologist for treatment. After one visit to the psychologist, however, the minor plaintiff refused to return and discontinued any further medical or psychological treatment.
 
 
 5
 The minor plaintiff again disregarded the warnings given her and recommenced inhaling the product on a daily basis. In the Spring of 1984, the assistant principal at the minor plaintiff's school informed Mrs. McClellan that she had reason to believe the minor plaintiff was inhaling Liquid Paper regularly and recommended the minor plaintiff see a doctor. Immediately thereafter, the minor plaintiff spent six days in Memorial Hospital in Clarksville, Tennessee and six weeks in Madison Hospital in Nashville, Tennessee undergoing treatment. Upon her release from the hospital, however, the minor plaintiff again began inhaling Liquid Paper. After discovering this fact, Mrs. McClellan took her daughter back to the hospital, whereupon the minor plaintiff was placed in a group therapy program.
 
 
 6
 The plaintiffs' depositions demonstrate both the minor plaintiff and her mother were aware that inhalation of Liquid Paper could endanger the minor plaintiff's health. The plaintiffs contend they were aware of the potential hazards during the minor plaintiff's periods of intoxication, but neither plaintiff was aware of the potential long-term hazards, including the minor plaintiff's psychological addiction to Liquid Paper. In short, the plaintiffs admit assuming the risk of the dangers arising from intoxication, but deny they assumed the risk of addiction to the substance.
 
 
 7
 Under Tennessee law, assumption of risk is an affirmative defense to claims based upon negligence and strict liability. Ellithorpe v. Ford Motor Company, 503 S.W.2d 516 (Tenn.1973). In order to invoke the affirmative defense of assumption of risk, the defendants must show the minor plaintiff had, "(1) knowledge of the danger, (2) an appreciation of that danger, and (3) voluntary exposure to that danger." Roger v. Garrett, 397 S.W.2d 372, 374 (Tenn.1965); O'Brien v. Smith Brothers Engine Rebuilders, Inc., 494 S.W.2d 787, 793 (Tenn.App.1973). It is clear that "summary judgment on assumption of risk grounds is proper only when 'it is so clear that plaintiff voluntarily and unreasonably encountered a known danger that reasonable minds could not differ on the point....' " Cathcart v. Cathcart, 719 S.W.2d 301, 303 (Tenn.App.1986) (quoting Wyatt v. Winnebago Industries, Inc., 566 S.W.2d 276, 282 (Tenn.App.1977)). See also, Devaney v. Surno, 311 A.2d 208 (N.J.1973).
 
 
 8
 Clearly, the minor plaintiff voluntarily inhaled Liquid Paper to become intoxicated. However, the plaintiffs contend they did not know the danger they were encountering. Both the minor plaintiff and her mother were aware of the dangers associated with the minor plaintiff's inhalation of Liquid Paper; Mrs. McClellan testified that she personally warned her daughter of the danger of inhaling Liquid Paper. In this appeal, the plaintiffs claim that while they knew intoxicants were dangerous, they were unaware of the extent of the health risks. Gillette argues that because the minor plaintiff assumed the risk of becoming intoxicated by deliberately abusing their product, she assumed the risk of all consequential harm.
 
 
 9
 The Restatement (Second) of Torts Sec. 496A comment d provides: "[A]ssumption of risk rests upon the voluntary consent of the plaintiff to encounter the risk and take his chances." In Ellithorpe v. Ford Motor Company, 503 S.W.2d 516 (Tenn.1973), the Tennessee Supreme Court stated:
 
 
 10
 We conclude that when a plaintiff, with knowledge of the defect, uses the product in such a manner as to voluntarily and unreasonably encounter a known danger, the act may be plead as a defense to an action based on strict liability in tort. We do not deem it determinative of the availability of this defense whether it be called negligence, contributory negligence or assumption of risk. It is more a matter of the unreasonableness of permitting a plaintiff to deliberately put in motion a known danger and attempt to profit thereby.
 
 
 11
 Id. at 521 (emphasis added) (quoting Carney v. Ford Motor Co., Prod.Liab.Rep. (CCH) p 6306 (Tenn.App.1970)).
 
 
 12
 This principle was applied in Pemberton v. American Distilled Spirts Co., 664 S.W.2d 690, 693 (Tenn.1984), where a minor died of intoxication after drinking nearly pure grain alcohol. The Tennessee Supreme Court held that all consumers, including the minor decedent, are chargeable with knowledge of the dangers of alcohol. We believe this principle applies to all intoxicants. "The pathological effect of using intoxicants is well known. It is common knowledge that large doses may cause death almost simultaneously by a reflex action on the heart or by cardiac and aspiratory depression after the drug has been absorbed." Id. at 693 (quoting Swarski v. Coleman, 293 N.W.2d 297, 299 (Minn.1940)).
 
 
 13
 Examining the minor plaintiff's total disregard for the known dangers arising out of her voluntary intoxication, no reasonable juror could find that the plaintiffs did not assume the risk of all attendant harm. The minor plaintiff admitted that she assumed the risks of harm during her periods of intoxication by knowingly disregarding the warnings of a high school coach, her mother, and several doctors. We find that the minor plaintiff purposely disregarded these warnings and assumed the risk of the dangers arising from intoxication. Addiction is one of those dangers.
 
 
 14
 This argument is further buttressed by Tennessee statute which provides:
 
 
 15
 (a) a manufacturer or seller of a product shall not be liable for any injury to person or property caused by the product unless the product is determined to be in a defective condition or unreasonably dangerous at the time it left the control of the manufacturer or seller.
 
 
 16
 * * * *
 
 
 17
 (d) A product is not unreasonably dangerous because of failure to adequately warn of a danger or hazard that is apparent to the ordinary user.
 
 
 18
 Tenn.Code Ann. Sec. 29-28-105 (1980). As stated above, we do not believe reasonable minds could differ in concluding that the danger of inhaling Liquid Paper is "apparent to the ordinary user." See Young v. Reliance Electric Co., 584 S.W.2d 663, 668-669 (Tenn.App.1979). We agree with the district court that the plaintiffs assumed the risk of harm. Accordingly, the district court's grant of summary judgment in favor of defendants is AFFIRMED.